IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

THE CHEROKEE NATION,               )
                                   )
        Plaintiff,                 )
                                   )
        v.                         )       No: 5:16-cv-01354-C
                                   )
DEPARTMENT OF THE INTERIOR,        )       Judge Robin J. Cauthron
*et al.*,                          )
                                   )
        Defendants.                )
_____)

## DEFENDANTS' MEMORANDUM IN REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

JEFFREY H. WOOD
Acting Assistant Attorney General

DEDRA S. CURTEMAN
STEPHEN FINN
ANTHONY P. HOANG
United States Department of Justice
Environment Division
Washington, D.C. 20044-7611

Attorneys for Defendants

OF COUNSEL:

KENNETH DALTON
DONDRAE MAIDEN
SHANI WALKER
JOSH EDELSTEIN
United States Department of the Interior
Washington, D.C. 20240

THOMAS KEARNS
United States Department of the Treasury
Washington, D.C. 20227

<b><u>TABLE OF CONTENTS</u></b>

I. INTRODUCTION ...................................................................................................... 1

II. ARGUMENT ............................................................................................................. 1

  B. Plaintiff Has Not Properly Invoked the APA. ............................................................ 3

    1. Plaintiff fails to meet the requirements of Section 702 of the APA ...................... 5

    2. Plaintiff fails to meet the requirements of Section 706 of the APA. .................... 7

  C. Congress Has Established No Accounting Duty Relating To Plaintiff's Non-Monetary Trust Assets. ................................................................................................ 10

  D. Plaintiff Asserts Claims That Are Barred or Extinguished By Law. ...................... 13

    1. Plaintiff's Claims Pre-Dating November 28, 2016, Are Barred by the Statute of Limitations ................................................................................................................. 13

    2. Plaintiff's Claims Pre-Dating August 13, 1946, Are Extinguished. .................... 17

III. Conclusion ............................................................................................................. 20

## Cases

*Abigail Alliance for Better Access to Dev'tal Drugs*, 2004 WL 3777340, No. 03-1601 (Aug. 30, 2004) ...................................................................................................... 10

*Alabama-Coushatta Tribe of Texas v. United States*, 757 F.3d 484 (5th Cir. 2014) ...... 6, 7

*BedRoc Ltd., LLC v. U.S.*, 541 U.S. 176 (2004) ............................................................... 15

*Chickasaw Nation and Choctaw Nationv. Department of Interior*, 120 F. Supp. 3d 1190 (W.D. Okla. 2014) ............................................................................................... 2, 5, 13

*Cobell v. Norton ("Cobell VI")*, 240 F.3d 1081 (D.C. Cir. 2001) .................................. 3, 4

*Cobell v. Norton*, 260 F. Supp. 2d 98 (D.D.C. 2003) ....................................................... 16

*Crow Creek Sioux Tribe v. United States*, 2017 WL 2391698, No. 16-670 (Fed. Cl. June 1, 2017) .................................................................................................................... 11

*Ecology Center, Inc. v. United States Forest Serv.*, 192 F.3d 922 (9th Cir. 1999) ............ 8

*FEC v. Democratic Senatorial Campaign Comm.*, 454 U.S. 27 (1981) ............................. 9

*Fletcher v. United States*, 730 F.3d 1206 (10th Cir. 2013) ............................................... 11

*Flute v. United States*, 808 F.3d 1234 (10th Cir. 2015) ............................................... 12-13

*Gilmore v. Weatherford*, 694 F.3d 1160 (10th Cir. 2012) .................................................. 5

*Iowa Tribe of Kansas & Nebraska v. Salazar*, 607 F.3d 1225, 1232 (10th Cir. 2010) ....... 3

*Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871 (1990) ............................................................ 6

*Menominee Indian Tribe of Wisconsin v. United States*, 136 S.Ct. 750 (2016) ........... 19-20

*Menominee Tribe v. U.S.*, 726 F.2d 718, 720-22 (Fed. Cir. 1984) .................................... 18

*National Ass'n of Home Builders v. U.S. Army Coprs of Eng'rs*, 417 F.3d 1272 (D.C. Cir. 2005) ................................................................................................................... 9-10

*Navajo Tribe of Indians v. State of N.M.*, 809 F.2d 1455 (10th Cir. 1987) ................. 17, 19

*Navajo Tribe of Indians v. United States*, 224 Ct. Cl. 171 (1980) .................................... 11

*Norton v. S. Utah Wilderness All. ("SUWA")*, 542 U.S. 55 (2004) ............................ 7, 8, 9

*Oglala Sioux Tribe of the Pine Ridge Indian Reservation v. U.S.*, 650 F.2d 140 (8th Cir. 1981) .......................................................................................................................... 19

*Osage Producers Ass'n v. Jewell*, 191 F. Supp. 3d 1243 (N.D. Okla. 2016) ..................... 6

*Osage Tribe of Indians of Oklahoma v. United States*, 68 Fed.Cl. 322 (Fed. Cl. 2005) ... 11

*Otoe-Missouria Tribe of Oklahoma v. Kempthorne*, No. 06-1436, 2008 WL 5205191 (W.D. Okla. Dec. 10, 2008) .................................................................................. passim

*Public Citizen v. Nuclear Regulatory Comm'n*, 845 F.2d 1105 (D.C. Cir. 1988) .............. 8

*San Carlos Apache Tribe v. United States*, 272 F. Supp. 2d 860 (D. Ariz. 2003) ............. 19

*Shoshone Indian Tribe of the Wind River Reservation v. United States*, 364 F.3d 1339 (Fed. Cir. 2004) ................................................................................................ 10, 12, 14

*Sierra Club v. Peterson*, 228 F.3d 559 (5th Cir. 2000) (en banc) .................................. 6, 7

*Sisseton-Wahpeton Sioux Tribe, of Lake Traverse Indian Reservation, N. Dakota & S. Dakota v. United States*, 895 F.2d 588 (9th Cir. 1990)...................................................18
*South Carolina v. Catawba Indian Tribe, Inc.*, 476 U.S. 498 (1986) ...............................15
*The Cherokee Nation West v. U.S. Army Corps of Engineers*, No. 14-612, 2016 WL 4548441 (N.D. Okla. Aug. 31, 2016)...................................................................................5
*Tonkawa Tribe of Indians of Oklahoma v. Kempthorne*, No. 06-1435, 2009 WL 742896, (W.D. Okla. March 17, 2009) ........................................................................................5
*United States v. Dann*, 470 U.S. 39 (1985) .......................................................................19

## Statutes

5 U.S.C. § 702 .............................................................................................................passim
25 U.S.C. § 162a...............................................................................................................11
25 U.S.C. § 4011 ........................................................................................................passim
25 U.S.C. § 4044 ........................................................................................................passim
28 U.S.C. § 1331 ................................................................................................................2
28 U.S.C. § 1362 ................................................................................................................2
31 U.S.C. § 1301 ..............................................................................................................15
American Indian Trust Fund Management Reform Act of 1994, 25 U.S.C. §§ 4011, 4044, 162.......................................................................................................................................2
Consolidated Appropriations Act, 2016, Pub. L. No. 114-113, 129 Stat. 2242, Div. G. Title I................................................................................................................................14
Indian Claims Commission Act ("ICCA"), ICCA § 12, 25 U.S.C. § 70k (1976).........1, 17
Pub. L. No. 102-154, 105 Stat. 990 (1991) .......................................................................14
Pub. L. No. 103-138, 107 Stat. 1379 (1993) .....................................................................14

## Other Authorities

Cong. Rec. 5313 (1946)......................................................................................................19
Fed. R. Civ. P. R. 602...........................................................................................................5
Fed. R. Civ. P. R. 801...........................................................................................................5
Fed. R. Civ. P. R. 802...........................................................................................................5

# I. INTRODUCTION

In its opposition to Defendants' Motion to Dismiss on jurisdictional grounds (ECF No. 51, "Defendants' Motion"), Plaintiff asserts that this Court has jurisdiction over Plaintiff's claims because the United States has waived its sovereign immunity and also misinterpreted the applicability of the Department of the Interior ("Interior") appropriations acts to Plaintiff's claims. ECF No. 63 ("Plaintiff's Response"), at 7-18. Further, Plaintiff asserts that the government's trust accounting duty "extends back to the earliest possible date," that Plaintiff's claims pre-dating November 28, 2010, are not barred by the statute of limitations, and that the government's trust accounting duties encompasses Plaintiff's trust funds and Plaintiff's non-monetary trust resources. *Id.* at 20-35.

As explained in Defendants' Motion and below, Plaintiff fails to identify a federal statutory basis for the alleged trust accounting duty, let alone one that unequivocally and expressly waives the United States' sovereign immunity. Also, Plaintiff fails to invoke validly this Court's jurisdiction under Sections 702 and 706 of the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 500-706. Additionally, Plaintiff asserts claims that are barred by law because they are untimely or have been extinguished by the Indian Claims Commission Act ("ICCA"). This Court should reject Plaintiff's opposition and grant Defendants' Motion in its entirety.

# II. ARGUMENT

## A. Common Law Is Not a Legally Sufficient Basis for Plaintiff's Claims.

Plaintiff argues that its trust accounting claims need not be APA claims and that the United States has waived its sovereign immunity through common law, statutes, and

treaties.  Plaintiff's Response, at 7-8, 13.  Plaintiff's argument lacks merit and should be rejected.

Apart from its invocation of Section 702 of the APA (which Defendants address in Section II.B below), Plaintiff can point no statute, treaties, or law that clearly and unequivocally waives the United States' sovereign immunity to Plaintiff's trust accounting claims herein.  *Id.* at 13.  Rather, Plaintiff relies on the American Indian Trust Fund Management Reform Act of 1994 ("Trust Fund Management Reform Act"), 25 U.S.C. §§ 4011 and 4044, and 25 U.S.C. § 162.  *Id.*  Plaintiff's reliance is misplaced.  Those statutory provisions do not independently, expressly, and unequivocally waive the government's sovereign immunity or otherwise provide Plaintiff with a right of action.  Nor does Plaintiff's general reference to "treaties, other agreements, and congressional or administrative action."  *See Chickasaw Nation and Choctaw Nation v. Department of Interior*, 120 F. Supp. 3d 1190, 1226 (W.D. Okla. 2014) (holding that the "general jurisdictional statutes cited by the Nations, 28 U.S.C. §§ 1331 and 1362 do not waive sovereign immunity.").

Plaintiff asserts that the United States' trust accounting duty "extends back to the earliest possible date."  Plaintiff's Response, at 20-25.  Plaintiff's assertion is wrong.  The United States' trust fund accounting duty is set out in 25 U.S.C. §§ 4011 and 4044, with which provisions Defendants have already complied.  *See* Defendants' Motion, at 21-24.

Plaintiff is unable to invoke a statute outside of the APA that independently, expressly, and unequivocally waives Defendants' sovereign immunity to Plaintiff's trust accounting claims.  Plaintiffs' Response, at 22-23.  As a result, Plaintiff's opposition fails.

*See Iowa Tribe of Kansas & Nebraska v. Salazar*, 607 F.3d 1225, 1232 (10th Cir. 2010) ("Courts lack subject matter jurisdiction over a claim against the United States for which sovereign immunity has not been waived. Consequently, Plaintiff may not proceed unless they can establish that the United States has waived its sovereign immunity with respect to their claim."). This Court should grant Defendants' Motion in its entirety.

###### B. Plaintiff Has Not Properly Invoked the APA.

Plaintiff argues that the United States' sovereign immunity has been waived for the tribe's claims under Sections 702 and 706 of the APA. Plaintiff's Response, at 9-15. Plaintiff's argument is flawed and should be rejected.

In order to invoke the APA, in particular, Sections 702 and 706, Plaintiff has to specify the way in which it has been adversely affected or aggrieved under the Trust Fund Management Reform Act, 25 U.S.C. §§ 4011 and 4044, and the agency action(s) for which it seeks judicial review. *See* 5 U.S.C. § 702 (plaintiff must be "adversely affected or aggrieved by agency action within the meaning of a relevant statute."); *Iowa Tribe of Kansas & Nebraska*, 607 F.3d at 1230 (Section 702 of the APA "provides both a cause of action and a waiver of sovereign immunity for claims in which a plaintiff has suffered 'a legal wrong because of agency action'"). Plaintiff fails to provide such specifications. Rather, Plaintiff asserts that courts have regularly held that the APA provides a waiver of sovereign immunity for tribal trust accounting claims. Plaintiff's Response, at 9. As support, Plaintiff cites cases that are distinguishable. In *Cobell v. Norton ("Cobell VI")*, 240 F.3d 1081 (D.C. Cir. 2001), the D.C. Circuit found the APA's waiver of sovereign immunity applicable to the plaintiffs' claims regarding the accounting of their individual

Indian money ("IIM") accounts. 240 F.3d at 1086. But the *Cobell* plaintiffs' claims are not analogous or comparable to Plaintiff's claims herein. In this case, Plaintiff requests an accounting of all of its trust funds and non-monetary trust assets "to the earliest possible date," even though Plaintiff has received the Interior Department's trust fund account reconciliation project ("TRP") results that applied to Plaintiff, and, since Fiscal Year 1996, Plaintiff has been receiving Interior's periodic statements of performance relating to Plaintiff's trust accounts. Plaintiff's Response, at 13. Plaintiff does not specify whether or how its trust accounting claims is based on or otherwise relates to the receipt of any specific periodic statement of account or trust fund account reconciliation report.

Plaintiff's reference to this Court's ruling in *Otoe-Missouria Tribe of Oklahoma v. Kempthorne*, No. 06-1436, 2008 WL 5205191 (W.D. Okla. Dec. 10, 2008), is similarly flawed. In that case, the Court determined that it had jurisdiction under Section 706 of the APA because the tribe there denied that it had received the TRP results. Thus, the Court had jurisdiction under Section 706 to determine whether it could order the government to perform a discrete action required under Section 4044 of the Trust Fund Management Reform Act regarding the tribe's trust funds (*i.e.*, provide the tribe with its TRP results). 2008 WL 5205191, No. 06-1436, at *2. By contrast, Plaintiff does not dispute in this case that it has received its TRP results or its periodic trust account statements.[1] In other words,

---

[1] As to the periodic statements, Plaintiff submits a declaration by its Principal Chief Bill John Baker, stating, in relevant part, that he is "not an accountant" and that "[j]ust looking at the face of the United States' annual periodic statements, [he] understand[s] from legal counsel that it is not possible to determine from the annual periodic statements whether the beginning balances the United States reports are correct." *Id.* at ¶ 18. This Court has the wide discretion to consider the Baker Declaration, among certain other

the Interior Department has fulfilled its statutorily prescribed trust accounting duty under Sections 4011 and 4044 by providing Plaintiff with the trust fund accounting required by law. *See* Defendants' Motion, at 22-24; Defs. Exh. 2-3; Plaintiff's Response, at 28.

Also, Plaintiff argues that, in *Chickasaw Nation*, 120 F. Supp. 3d at 1227, this Court found that the APA provides a waiver of sovereign immunity for tribal trust accounting claims such as Plaintiff's. Plaintiff's argument is flawed. In *Chickasaw Nation*, this Court did not specifically address the waiver of sovereign immunity under Section 702 of the APA. Rather, the court determined that the tribe's claims were not time-barred because of the same Interior Department appropriations acts that the Court relied upon in its *Otoe-Missouria* ruling. *Id; see also Tonkawa Tribe of Indians of Oklahoma v. Kempthorne*, No. 06-1435, 2009 WL 742896 (W.D. Okla. March 17, 2009) (overruled ultimately overruled by the Tenth Circuit in *Gilmore v. Weatherford*, 694 F.3d 1160, 1168 (10th Cir. 2012), on the basis that the *Tonkawa* court failed to address an unsubstantiated ruling that held exhaustion to be inapplicable to common law claims brought under the APA).

### 1.      Plaintiff fails to meet the requirements of Section 702 of the APA

Plaintiff argues that this Court has jurisdiction under the APA because Defendants allegedly fail to provide Plaintiff with a "full and complete" historical trust accounting to

---

materials, in order to resolve disputed jurisdictional facts while adjudicating Defendants' Motion, without converting it to one for summary judgment. *See, e.g.*, *The Cherokee Nation West v. U.S. Army Corps of Engineers*, No. 14-612, 2016 WL 4548441, at *2 (N.D. Okla. Aug. 31, 2016) (internal citations omitted). Nonetheless, Defendants urge that the Court disregard the Baker Declaration in the entirety because the declaration contains not only inadmissible evidence that is not based upon personal knowledge, in violation of FED. R. CIV. P. R. 602, but also impermissible hearsay, in violation of FED. R. CIV. P. R. 801 and 802.

the earliest possible date, as required by various treaties, common law, and Section 4044 of the Trust Fund Management Reform Act. Plaintiff's Response, at 13. Plaintiff's argument is flawed. Plaintiff is not entitled to judicial review under Section 702 of the APA because Plaintiff has not met the requirements for such review.

In *Alabama-Coushatta Tribe of Texas v. United States*, 757 F.3d 484, 489–90 (5th Cir. 2014), the United States Court of Appeals for the Fifth Circuit considered the specific issue of whether a tribe can assert a general challenge to the actions of various agencies under the APA, and it concluded that "[b]ecause the Tribe fails to point to any identifiable '*agency action*' within the meaning of § 702 . . . the Tribe has failed to prove that subject-matter jurisdiction exists for this lawsuit" (emphasis added); *see also Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 882 (1990) (finding no jurisdiction to hear "generic challenge to an amorphous group of several hundred administrative decisions"); *Sierra Club v. Peterson*, 228 F.3d 559, 566–67 (5th Cir. 2000) (en banc); *Osage Producers Ass'n v. Jewell*, 191 F. Supp. 3d 1243, 1249-50 (N.D. Okla. 2016).

Plaintiff's legal challenge in this case is indistinguishable from the ones addressed by the Supreme Court and the lower courts in the above-cited cases. It is unclear from the Complaint and Plaintiff's opposition to Defendants' Motion "which, or even how many, agency actions are subject to this suit." *Id.* Thus, since Plaintiff "has not directed[ed] its challenge against an identifiable agency action . . . its suit falls outside of § 702's limited waiver of sovereign immunity." *Osage Producers Ass'n*, 191 F. Supp. 3d at 1249-50 (citing *Alabama-Coushatta Tribe*, 757 F.3d at 489-91 ("[t]hese are allegations of past, ongoing, and future harms, seeking wholesale improvement and cover actions that have

yet to occur. Such allegations do not challenge specific agency action.")). Because Plaintiff fails to point to any identifiable agency action under Section 702 of the APA, Plaintiff fails to show that this Court has jurisdiction over its case. Therefore the Court should grant Defendants' Motion.

## 2. Plaintiff fails to meet the requirements of Section 706 of the APA.

Plaintiff alleges that its trust accounting claims are based upon Section 706 of the APA, which allows courts "to compel agency action unlawfully withheld or unreasonably delayed," and that therefore this Court has jurisdiction under Section 706(1) to compel the United States to provide a "full and complete" historical trust accounting to Plaintiff. Plaintiff's Response, at 13. Plaintiff's allegations lack merit and should be rejected.

In order to satisfy Section 706 of the APA, Plaintiff first has to meet the requirements for triggering Section 702's waiver of sovereign immunity. Plaintiff has to demonstrate that it is entitled to the "full and complete" accounting that it is seeking and that such an accounting is not otherwise contemplated by Sections 4011 and 4044 of the Trust Fund Management Reform Act. Also Plaintiff has to identify the discrete agency action of which it now seeks review. Plaintiff cannot satisfy those requirements. Thus, Plaintiff is not entitled to review under Section 706 of the APA. *See Norton v. S. Utah Wilderness All. ("SUWA")*, 542 U.S. 55, 64 (2004); *see also Alabama-Coushatta Tribe of Texas*, 757 F.3d at 491; *Sierra Club*, 228 F.3d at 565.

Plaintiff does not claim that Interior has failed to provide the requisite periodic statements of performance for Plaintiff's trust accounts. Rather, Plaintiff claims only that

the collective periodic statements that it has received and continues to receive from Interior are not accurate. *See* Plaintiff's Response, at 29. In other words, Plaintiff presents essentially the type of legal challenge that the Supreme Court has rejected. Plaintiff's request for a "full and complete" historical accounting of the entirety of its monetary and non-monetary trust assets, "extend[ing] back to the earliest possible date," is a programmatic challenge that falls outside the ambit of the APA's waiver of sovereign immunity. *See* Defendants' Motion, at 24-28 (citing, *inter alia*, *SUWA*, 542 U.S. at 64); *see also Ecology Center, Inc. v. United States Forest Serv.,* 192 F.3d 922, 926 (9th Cir. 1999) ("This court has refused to allow plaintiffs to evade the finality requirement with complaints about the sufficiency of an agency action 'dressed up as an agency's failure to act.'"); *Public Citizen v. Nuclear Regulatory Comm'n,* 845 F.2d 1105, 1108 (D.C. Cir. 1988) ("The agency has acted. . . . Petitioners just do not like what the Commission did. . . . Our acceptance of petitioners' argument would make a nullity of statutory deadlines. Almost any objection to an agency action can be dressed up as an agency's failure to act."). Thus, "[u]nder the terms of the APA, respondent must direct its attack against some particular 'agency action' that causes it harm." *SUWA*, 542 U.S. at 64 (internal citations omitted) (emphasis in original). Plaintiff fails to do that here. Accordingly, its challenge is unsustainable.

Plaintiff relies on this Court's decision in *Otoe-Missouria, supra*, as support for its position. Plaintiff's Response, at 14. Plaintiff's effort is unavailing. As discussed above, this case is distinguishable from *Otoe-Missouria*. There, the Court found that, while the Interior Department sent the tribe in 1996 a TRP report that established its obligations

under Section 4044 of the Trust Fund Management Reform Act, the tribe denied that it received the report. No. 06-1436, 2008 WL 5205191, at *2 (W.D. Okla. December 10, 2008). Thus, the Court held that "[the tribe] is entitled to pursue this action under § 706(1), as [the tribe] may compel Defendants to perform the discrete activity of accounting for the funds held in trust as required under § 4044." *Id.* Here, Plaintiff has not denied that it received its TRP report or its periodic statements of performance, as required by law. Instead, it claims that Interior's accounting information is not accurate. Such a claim goes beyond the duty created by Section 4044. *See id.* (noting that, in *SUWA*, the Supreme Court held that a plaintiff can proceed under § 706(1) only where the "plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take,*" and that the factual issue about whether the defendants had complied with their statutory obligations was predicated on the tribe denying that it ever received a TRP report).

Also unavailing is Plaintiff's citation to *FEC v. Democratic Senatorial Campaign Comm.*, 454 U.S. 27, 32 (1981), for the proposition that agency action is arbitrary and capricious or an abuse of discretion when it frustrates congressional policy or is contrary to the purposes of an act of Congress. First, *FEC* is distinguishable because jurisdiction in that case was not predicated on Section 706 of the APA. Second, Defendants have complied with the requirements of Sections 4011 and 4044 of the Trust Fund Management Reform Act, and therefore they have not contravened the purposes and requirements of the statute or otherwise frustrated congressional policy.

Plaintiff submits that *National Ass'n of Home Builders v. U.S. Army Coprs of Eng'rs*, 417 F.3d 1272, 1279 (D.C. Cir. 2005), is applicable to this case because it is

factually similar. Plaintiff's submission is unfounded. The *National Ass'n* plaintiffs challenged specific decisions taken by the Corps of Engineers under its nationwide permit process for activities involving certain discharges of dredged or fill material. *Id*. at 1275. The *National Ass'n* challenge is distinguishable from the one asserted by Plaintiff here in that Plaintiff has not identified a discrete agency action, such as its receipt of periodic statements or reconciliation reports, upon which to focus its attack. That failure dooms Plaintiff's case.

Also unhelpful to Plaintiff's cause is *Abigail Alliance for Better Access to Dev'tal Drugs v. McClellan*, No. 03-1601, 2004 WL 3777340 (Aug. 30, 2004). Plaintiff fails to submit a "final agency action" because the prospective and historical relief Plaintiff requests here amounts to "tentative and interlocutory in nature," a position that the *Abigail Alliance* court rejected as reviewable under the APA. No. 03-1601, 2004 WL 3777340, at *4.

Plaintiff fails to identify, in the Complaint and in its opposition to Defendants' motion to dismiss, the discrete agency action actionable for judicial review under the APA. Therefore this Court should reject Plaintiff's argument that the APA serves as a jurisdictional basis for its claims. The Court should grant Defendants' Motion in the entirety.

### C. Congress Has Established No Accounting Duty Relating To Plaintiff's Non-Monetary Trust Assets.

Plaintiff argues that, under the rulings in *Shoshone*, *Otoe-Missouria*, and *Navajo*, Plaintiff is entitled to an accounting of its non-monetary assets. *Shoshone Indian Tribe of*

*the Wind River Reservation v. United States*, 364 F.3d 1339 (Fed. Cir. 2004); *Otoe-Missouria Tribe v. Kempthorne*, No. 06-1436-C, 2008 WL 5205191 (W.D. Okla. Dec. 10, 2008); *Navajo Tribe of Indians v. United States*, 224 Ct. Cl. 171 (1980) Plaintiff cites 25 U.S.C. § 162a(d)(8) as the statutory basis for its argument. Plaintiff's argument lacks merit and should be rejected.

As to the statutory basis of Plaintiff's argument, the United States Court of Federal Claims ("CFC") ruled in *Crow Creek Sioux Tribe v. United States*, No. 16-670, 2017 WL 2391698, at *3 (Fed. Cl. June 1, 2017), that the United States is not required to account for non-monetary tribal trust resources under 25 U.S.C. § 162a(d)(8). The CFC ruled that the "trust relationship between the United States and Indian tribes, while robust, imposes only general obligations except where specific obligations have been assumed by the government via regulation or statute . . . 25 U.S.C. § 162a(d)(8) does direct the government to manage the natural resources of Indian tribes, but does not direct any specific actions to be taken by the government in that management." *Id*. Thus, absent statutory authority requiring government to "more affirmatively manage" Plaintiff's natural resources, Plaintiff's claims in this case cannot stand. *Id*.

Moreover, Plaintiff seems to ignore or misrepresent the cases to which it cites, by not acknowledging that the primary issue was whether the government had to account, not for the tribal natural resources themselves, but rather for the proceeds or funds that resulted from the leasing or production of those resources. *See Fletcher v. United States*, 730 F.3d 1206, 1209 (10th Cir. 2013) (holding that the government must account for royalty payments from oil and gas reserves); *Osage Tribe of Indians of Oklahoma v. United States*,

68 Fed.Cl. 322, 331 (Fed. Cl. 2005) (identifying a fiduciary duty to hold in trust monies generated from oil, gas, coal, and other mineral leases); *Shoshone*, 364 F.3d at 1350 (holding that the United States had a fiduciary duty to manage and collect revenues derived from mining leases). None of these cases evinces a trust accounting duty for a tribe's non-monetary trust resources.

Further Plaintiff appears to misunderstand this Court's holding in *Otoe-Missouria*. The Court held in that case that the duty to account for non-monetary assets held in trust exists "for the reasons set forth earlier in this opinion," and it relied upon Section 4044 of the Trust Fund Management Reform Act to identify the government's obligation to account for "the account holder's *funds*."[2]  *Otoe-Missouria*, No. 06-1436, 2008 WL 5205191, at *5 (W. D. Okla. Dec. 10, 2008) (emphasis supplied). As noted in Section II.A above, the Court declined to reach the issue of whether the duty to account for either monetary or non-monetary assets can arise from any common law trust responsibility. *Id.* ("the Court will examine other sources for Defendants' duty").

Additionally, contrary to Plaintiff's assertion, the Tenth Circuit squarely addressed in *Flute v. U.S.*, 808 F.3d 1234 (10th Cir. 2015), the requirement to identify a statutory basis for a duty to account. In that case, the court held that the fiduciary duties assumed by the government must be established by the express language of a statute or regulation. *Flute v. United States*, 808 F.3d 1234, 1244-45 (10th Cir. 2015). As the *Flute* court noted, "the Appropriations Act, by its plain language, was limited to claims for losses to or

---

[2]     *See* Section II.B above regarding the applicability of the *Otoe-Missouria* decision to Plaintiff's trust fund accounting claims.

-12-

mismanagement of trust *funds*." *Id.* at 1243 n.6. (emphasis supplied). Absent explicit statutory authority, Defendants have no trust accounting duty or obligations regarding Plaintiff's non-monetary trust assets, and thus the Court should grant Defendants' motion to dismiss.

**D.** **Plaintiff Asserts Claims That Are Barred or Extinguished By Law.**

Even if the Court were to find that Plaintiff's claims targeted specific agency actions and therefore fall within the APA's waiver of sovereign immunity, certain of Plaintiff's claims are nonetheless barred while others are extinguished by law. This Court has noted that the waiver of sovereign immunity under Section 702 of the APA must be read "in conjunction with other jurisdictional statutes waiving sovereign immunity in order to determine whether those statutes forbid the relief sought in the case at hand." *Chickasaw Nation*, 120 F. Supp. 3d at 1226, *on reconsideration* (Apr. 22, 2015).

**1. Plaintiff's Claims Pre-Dating November 28, 2016, Are Barred by the Statute of Limitations**

Despite receiving the TRP report and associated materials that the Interior Department provided in 1996 and the periodic statements of performance that Interior provided between October 1, 1995, and November 28, 2010, Plaintiff avers that the materials did not constitute the accounting that Plaintiff deems to be required by 25 U.S.C. §§ 4011 and 4044, and that Interior has not provided Plaintiff with as full and complete an accounting as possible of Plaintiff's trust funds to the earliest possible date. Plaintiff's Response, at 21. Plaintiff's averment is baseless. Plaintiff received the TRP report materials in 1996, and further it has received and continues to receive the periodic

statements of performance, from Interior, as required by law. *See* Defendants' Motion, at 22-24; Defs. Exh. 2-3. Given the provision of those materials, Plaintiff has had ample notice, long before November 28, 2010 (that is, six years before Plaintiff lodged this case), of any claims that Plaintiff had or might have had regarding Interior's compliance with Sections 4011 and 4044 of the Trust Fund Reform Management Act. *See Shoshone*, 364 F.3d at 1348 (accrual of claims is triggered when the beneficiary receives an accounting).

Plaintiff claims that this Court's decision in *Otoe-Missouria* supports the argument that Plaintiff's claims are tolled. Plaintiff's Response, at 19. Plaintiff's claim lacks merit.

As explained in Defendants' Motion, Congress provided, in a series of Interior Department appropriations acts between October 1, 1989, and September 30, 2015, that "the statute of limitations shall not commence to run on any claim . . . concerning losses to or mismanagement of trust funds, until the affected Tribe or individual Indian has been furnished with an accounting of such funds from which the beneficiary can determine whether there has been a loss."[3] In the *Otoe-Missouria* decision, this Court relied upon a provision—"including any claim in litigation pending on the date of this Act"—which was removed from the Interior Department appropriations act for Fiscal Year 2016 (which became effective on October 1, 2015). *See* Consolidated Appropriations Act, 2016, Pub. L. No. 114-113, 129 Stat. 2242, Div. G. Title I. Thus the Court's ruling is inapposite for this case, which was not filed until November 28, 2016.

---

[3] In 1991, Congress added the clause "from which the beneficiary can determine whether there has been a loss," Pub. L. No. 102-154, 105 Stat. 990, 1004 (1991), and in 1993, Congress added "including any claim in litigation pending on the date of this Act," Pub. L. No. 103-138, 107 Stat. 1379, 1391 (1993).

Also, Plaintiff argues that Defendants rely on a presumption in 31 U.S.C. § 1301 ("an appropriation in a regular, annual appropriation law may be construed to be permanent or available continuously only if the appropriation . . . expressly provides that it is available after the fiscal year covered by the law in which it appears") that is not absolute. Plaintiff's Response, at 18. Thus Plaintiff avers that the language in the act or other evidence of congressional intent may be used to rebut the presumption and that any ambiguity should be resolved in favor of Plaintiff. *Id.* Plaintiff essentially asserts that the legislative history and plain meaning of the appropriation acts express a congressional intent for the provision to exist into the future.

Plaintiff misapprehends the language of the most recent and relevant appropriations act. Contrary to Plaintiff's argument, there is no ambiguity in the most recent appropriations act, which was passed after the *Otoe-Missouria* decision. That appropriations act, Pub. L. No. 114-113, 129 Stat. 2242 (2015), did not include the language "including any claim in litigation pending on the date of this Act," upon which by this Court relied in *Otoe-Missouria* to find that the plaintiff's claims in that case were tolled and that there was no ambiguity in the language of the act. *See Otoe-Missouria*, No. 06-1436, 2008 WL 5205191, at \*4-\*5 (W.D. Okla. Dec. 10, 2008) (citing Pub. L. No. 109-54, 119 Stat. 499 (2005)); *see also BedRoc Ltd., LLC v. U.S.*, 541 U.S. 176, 183 (2004) ("[A court's] inquiry begins with the statutory text, and ends there as well if the text is unambiguous."); *South Carolina v. Catawba Indian Tribe, Inc.*, 476 U.S. 498, 506 (1986) ("The canon of construction regarding the resolution of ambiguities in favor of Indians, however, does not permit reliance on ambiguities that do not exist; nor does it permit

disregard of the clearly expressed intent of Congress."). Thus Plaintiff's argument is unpersuasive and should be rejected.

Plaintiff asserts that the statute of limitations has not accrued because the United States has not claimed that it has repudiated its trust responsibilities. Plaintiff's Response, at 27. Citing *Cobell v. Norton*, 260 F. Supp. 2d 98 (D.D.C. 2003), Plaintiff asserts that the United States has taken the "coward's route" by failing to provide Plaintiff with a "full and complete" historical trust accounting. *Id.* Assuming that Plaintiff's assertions are true— which they are not—the logical conclusion—based on Plaintiff's professed receipt of the TRP report materials and the periodic statements of performance relating to Plaintiff's trust funds and on Plaintiff's long-time knowledge of the United States' alleged failures, including the alleged failures "to provide to the Nation any of the accounting required by 25 U.S.C. § 4011 and 25 U.S.C. § 4044[,] to provide the accounting required by the Treaties, agreements, and statutes as set out herein" (Compl., at ¶ 136) and to provide "the Nation with as full and complete accounting as possible of the Nation's funds to the earliest possible date" (*id*. at ¶ 159)—is that the government allegedly repudiated the trust on several occasions, that Plaintiff knew (or should have known) about the alleged repudiations; that therefore Plaintiff's claims accrued at the time that Plaintiff received Interior's TRP report materials and periodic statements of performance relating to Plaintiff's trust funds; and that the statute of limitations for those claims that accrued before November 28, 2010, has expired.

Contrary to Plaintiff's argument, a reading based on the clear language of the Interior Department appropriations legislation will not lead to absurd results. Plaintiff

received its TRP report materials in 1996, and between October 1, 1995 (Fiscal Year 1996) and today, Plaintiff has received the periodic statements of performance relating to its trust accounts. It is or should be clear that Plaintiff has long known of its trust accounting and trust mismanagement claims, that it knew when it filed this case that the statute of limitations for certain of its claims had expired, and that it proceeded with this case nonetheless. In any event, Plaintiff's arguments regarding the Interior Department appropriation acts are unavailing. Under any construction of Plaintiff's trust funds or non-monetary trust assets-related claims herein, the statute of limitations has run for those claims that pre-dated November 28, 2010.

### 2. Plaintiff's Claims Pre-Dating August 13, 1946, Are Extinguished.

Those of Plaintiff's claims that pre-dated August 13, 1946, are also barred by the ICCA. *See* Defendants' Motion, at 30-32. Thus any claim that accrued before August 13, 1946, and that was not lodged before the Indian Claims Commission by or before August 13, 1951, could not "'thereafter be submitted to any court or administrative agency for consideration,' nor could such a claim 'thereafter be entertained by the Congress.'" *Navajo Tribe of Indians v. State of N.M.*, 809 F.2d 1455, 1460–61 (10th Cir. 1987) (quoting Section 12 of the ICCA, 25 U.S.C. § 70k (1976), as a statute of repose).

Plaintiff asserts that the duty to account is a continuing duty and that where there is such a continuing duty, a breach of that duty gives rise to a claim as the breach continues. Plaintiff's Response, at 24 (citing Oklahoma common law). Plaintiff's assertion is unavailing and has been deemed not to apply to claims such as those alleged herein.

Plaintiff's claims essentially amount to challenges to several judgments—the ICCA in 1946 and the accountings made under the 1994 Act. Where a tribe was aware of those judgments many years ago and failed to act, its claims are barred. *See Sisseton-Wahpeton Sioux Tribe, of Lake Traverse Indian Reservation, N. Dakota & S. Dakota v. United States*, 895 F.2d 588, 592–93 (9th Cir. 1990) ("The Tribes, in contrast, had immediate knowledge of the precise share of money Congress found them entitled to as well as Congress' intent to distribute the balance to others. . . . The allocation of funds rather than a demand for payment to the Tribes was the triggering event that commenced the running of the statute of limitations."). Indian beneficiaries, like other plaintiffs, are charged with notice of the facts that would have been uncovered by an inquiry appropriate under the circumstances. *Menominee Tribe v. U.S.*, 726 F.2d 718, 720-22 (Fed. Cir. 1984). Also unavailing is Plaintiff's assertion that the accrual of claims was suspended when a plaintiff can show that the United States has concealed its actions with the result that plaintiff was unaware of their existence. Plaintiff's Response, at 30. As noted above, Plaintiff has consistently acknowledged that it has had long-time knowledge of its claims, and as such, Plaintiff's claims are not and cannot be suspended. *See* Compl., at ¶¶ 136 and 159.

The ICCA extinguished any claims that were not brought prior to 1951.[4] *Sisseton-Wahpeton*, 895 F.2d at 592–93. The chief purpose was "to dispose of the Indian claims

---

[4]     Should the Court find that Plaintiff's claims were not extinguished by the ICCA, Plaintiff's claims are nonetheless barred by the 6 year statute of limitations, as noted in II(d), *supra*. Furthermore, Plaintiff's argument that the United States' duty to account extends back to the earliest possible date is baseless because the ICCA extinguished pre-1946 claims and all other claims outside of the 6 year statute of limitations are barred. *See*

problem with finality" and "to transfer from Congress to the Indian Claims Commission the responsibility for determining the merits of Native American claims." *United States v. Dann*, 470 U.S. 39, 45 (1985). The Tenth Circuit has taken a similar view, which interpreted the ICCA as "provid[ing] the . . . opportunity to litigate the validity of [Indian] titles and to be recompensed for Government actions inconsistent with those titles . . . [t]he Tribe was unambiguously given a five-year period to assert its title to these lands 'or forever hold [its] peace.'" *Navajo Tribe of Indians v. New Mexico*, 809 F.2d 1455, 1469-71 (10th Cir. 1987) (quoting 92 Cong. Rec. 5313 (1946)). *See also Oglala Sioux Tribe of the Pine Ridge Indian Reservation v. U.S.*, 650 F.2d 140, 143 (8th Cir. 1981) (The ICCA's "statutory language reflects Congress' intention to provide a one-time, exclusive forum for the resolution of Indian treaty claims."); *San Carlos Apache Tribe v. United States*, 272 F. Supp. 2d 860, 894 (D. Ariz. 2003) ("Indian tribes are not exempt from statute of limitations governing actions against the United States. 'The plaintiff's failure to sue within the period of limitations is not simply a waivable defense; it deprives the court of jurisdiction to entertain the action.'").

As the Court explained in *Menominee* and as is the case with the ICCA, "the [Indian Self-Determination Act] and [Contract Disputes Act] establish a clear procedure for the resolution of disputes over ISDA contracts, with an unambiguous 6-year deadline for presentment of claims. The 'general trust relationship' does not override the clear language

---

*Dann*, 470 U.S. at 45 (holding that allowing pre-1946 claims to proceed undermines the purpose of the ICCA).

of those statutes." *Menominee Indian Tribe of Wisconsin v. United States*, 136 S.Ct. 750, 757 (2016).

In this case, Plaintiff had until August 13, 1951, to put before the Indian Claims Commission any trust accounting and trust mismanagement claims that it had and that pre-dated August 13, 1946. In fact, Plaintiff availed itself of the ICCA process. Regardless, by operation of Section 12 of the ICCA, any claims that Plaintiff asserts in this case and that pre-date August 13, 1946, are extinguished, and therefore this Court lacks jurisdiction over those claims.

## III. Conclusion

For the reasons stated above and in Defendants' Motion (ECF No. 51), the Court should reject Plaintiff's opposition and grant Defendants' Motion in the entirety.

Respectfully submitted this 21st day of July, 2017,

JEFFREY H. WOOD
Acting Assistant Attorney General

*/s/ Dedra S. Curteman*
DEDRA S. CURTEMAN
IL Bar #6279766
STEPHEN FINN
NY Bar #2574986
ANTHONY P. HOANG
FL Bar #0798193
United States Department of Justice
Environment Division
Natural Resources Section
P.O. Box 7611
Washington, D.C. 20044-7611
Tel: (202) 305-0446
Tel: (202) 305-0484
Tel: (202) 305-0241
Fax: (202) 305-0506

Dedra.Curteman@usdoj.gov
Stephen.Finn@usdoj.gov
Anthony.Hoang@usdoj.gov
Attorneys for Defendants

OF COUNSEL:

KENNETH DALTON
DONDRAE MAIDEN
SHANI WALKER
JOSH EDELSTEIN
Office of the Solicitor
United States Department of the Interior
Washington, D.C. 20240

THOMAS KEARNS
Office of the Chief Counsel
Bureau of the Fiscal Service
United States Department of the Treasury
Washington, D.C. 20227

## CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2017, I electronically transmitted the foregoing document and exhibits to the Clerk of the Court, using the ECF system for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Courtney R. Jordan
Dallas L. Dale Strimple
Deanna L. Hartley
Jason B. Aamodt
Krystina E. Phillips
Michael T. Hembree
Anne E. Lynch
David F. Askman
Michael M. Frandina
Michael D. Goodstein

*/s/ Dedra S. Curteman*
DEDRA S. CURTEMAN