**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **THE CHEROKEE NATION,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. CIV-16-1354-C |
| ) | |
| **THE DEPARTMENT OF THE** ) | |
| **INTERIOR, et al.** ) | |
| ) | |
| **Defendants.** ) | |

## NOTICE OF SUPPLEMENTAL AUTHORITY

Pursuant to Local Rule 7.1(m), the Cherokee Nation ("the Nation") hereby respectfully submits the attached decision by the Court of Federal Claims in *White Mountain Apache Tribe v. United States*, No. 17-359 L (Fed. Cl. filed Jan. 5, 2018), as supplemental authority in support of its Opposition to the United States' Motion to Dismiss, Doc. No. 63. In the attached case, the White Mountain Apache Tribe ("the Tribe") filed claims for breach by the United States of its fiduciary duty due to the United States' mismanagement of trust funds, non-monetary assets, and dam maintenance and repair. *White Mountain Apache Tribe*, slip op. at 1. The Court of Federal Claims denied the United States' motion to dismiss the Tribe's complaint, and, in particular, rejected the United States' argument that the Tribe's claims were barred by the statute of limitations. *Id.* at 1-2.

The Court of Federal Claims recognized first that "[t]he statutes and regulations defining the United States' duties in managing tribal trust funds create specific fiduciary duties that provide for compensation for damages in the event of the breach of these duties," *id.* at 2 (citing *Jicarilla Apache Nation v. United States*, 100 Fed. Cl. 726, 738-39 (2011)), and that "[a]s trustee, the United States has the obligation to ensure that tribal funds and trust property are protected, preserved and

1

managed so as to maximize the trust income to the beneficiary by prudent investment," *id.* at 3 (citing complaint). The court relied in part on the history of legislation requiring the United States to provide timely and accurate reconciliations of tribal trust funds, audit tribal trust funds, and effectively manage and discharge its trust duties through the Special Trustee for American Indians, *id.* at 4 (describing the American Trust Fund Management Reform Act of 1994, Pub. L. No. 103-412, 108 stat. 4239 *et seq.*, codified at 25 U.S.C. §§ 4001-4061), and the United States' conclusion that although the Bureau of Indian Affairs ("BIA") "had made a 'massive attempt' to reconcile accounts, missing records and system limitations made a full reconciliation impossible," *id.* (citing the U.S. Gov't Accountability Office, GAO/AIMD-96-63, Report to Committee on Indian Affairs, U.S. Senate, *Financial Management: BIA's Tribal Trust Fund Accounting Reconciliation Results*, Rep. No. B-266127 (May 1996)).

The United States argued in both *White Mountain Apache* and in the motion to dismiss currently pending in this case, that the periodic account statements constitute a complete accounting. *See White Mountain Apache* slip op. at 10; Defs.' Br., Doc. No. 51-1, at 22-23; Defs' Ex. 1, Doc. No. 51-2. The Court of Claims rejected that contention, finding instead that the "periodic statements of performance," do not constitute "a meaningful accounting from which to determine a loss." *Id.* at 11. *See also* Pl's Resp., Doc. No. 63, at 20. The Court of Claims relied in part on the 1996 GAO Report findings "that a complete reconciliation was impossible, that in general the record keeping for trust funds was very poor, and too limited to constitute an accounting." *Id.* at 10.

The court in *White Mountain Apache Tribe* also rejected the United States' argument—also made here—that "the 2014 [Appropriations] Act 'expired' by the time the Tribe filed its claim in 2017." *White Mountain Apache Tribe*, slip op. at 11. The court evaluated the tolling provisions

in the Acts to conclude that "the plain language of the Act does not limit claim filings to the year in which the Act was enacted but rather . . . the tolling does not begin until the Tribe receives an accounting," and rejecting the notion that the provision "expires." *Id.*  *See* Pl's Resp., Doc. No. 63, at 18-20.

Finally, the court in *White Mountain Apache Tribe* recognized that "revenue provided through management of resources such as forestry, grazing, commercial leases, and rights-of-way" are subject to accounting trust requirements. *White Mountain Apache Tribe*, slip op. at 10 n.4. *See* Pl's Resp., Doc. No. 63, at 31-32.

In the *White Mountain Apache* decision cited here, the Court of Claims held that the tolling provisions do not apply to non-monetary trust assets, *White Mountain Apache Tribe*, slip op. at 9 n.3 (relying on *Shoshone Indian Tribe of the Wind River Reservation v. United States*, 672 F.3d 1021, 1034 (Fed. Cir. 2012))—a conclusion with which this Court disagrees, *see Chickasaw Nation v. Dep't of the Interior*, 120 F. Supp. 3d 1190, 1231 (W.D. Okla. 2014) (holding that "to the extent, the defendants have argued that the DOI appropriations acts do not apply to these claims, the Court disagrees," and distinguishing *Shoshone*). *See* Pl's Resp., Doc. No. 63, at 32-34 (discussing *Otoe-Missouria Tribe v. Kempthorne*, 2008 U.S. Dist. LEXIS 99548 (W.D. Okla. Dec. 10, 2008), *Chickasaw Nation v. Dep't of Interior*, 120 F. Supp. 3d 1190 (W.D. Okla. 2014), and other cases). On February 2, 2018, the White Mountain Apache Tribe moved for reconsideration of the court's dismissal of certain non-monetary trust claims. The parties comprehensively briefed those issues, and, at the court's request, filed supplemental briefs on April 20 and May 4, 2018. None of the issues raised in the briefing on the motion for reconsideration—which is now complete—implicates or challenges the holdings described above.

We therefore respectfully request that the Court take notice of this supplemental authority in support of the Cherokee Nation's opposition to the United States' motion to dismiss.

Respectfully submitted, this 4th day of May, 2018,

>Todd Hembree, OBA No.
>Attorney General
>**THE CHEROKEE NATION OFFICE OF THE ATTORNEY GENERAL**
>P.O. Box 948
>Tahlequah, OK 74465-0948
>Tel – 918-456-0671
>Fax – 918 – 458-5580
>Email - todd-hembree@cherokee.org
>
>Sara Elizabeth Hill, OBA No.
>Secretary of the Environment and Natural Resources
>**CHEROKEE NATION OFFICE OF THE ENVIRONMENT AND NATURAL RESOURCES**
>P.O. Box 948
>Tahlequah, OK 74465-0948
>Tel - 918-207-3836
>Fax - 918-458-6142
>Email - sarah-hill@cherokee.org
>
>
>David F Askman
>Michael Frandina
>**ASKMAN LAW FIRM LLC**
>1543 Champa Street, Suite 400
>Denver, Colorado 80202
>Tel - 720-407-4331
>Email- dave@askmanlaw.com
>         michael@askmanlaw.com
>
>
> s/ Anne E. Lynch
>Michael Goodstein
>Anne Lynch
>**HUNSUCKER GOODSTEIN PC**
>5335 Wisconsin Ave. NW, Suite 410
>Washington, DC 20015
>Tel – 202-895-5380

4

Fax – 202-895-5390
Email -mgoodstein@hgnlaw.com
     alynch@hgnlaw.com


Jason B. Aamodt, OBA No. 16974
Deanna Hartley, OBA No. 19272
Krystina E. Phillips, OBA No. 30111
Dallas L.D. Strimple, OBA No. 30266
**INDIAN AND ENVIRONMENTAL LAW GROUP**
204 Reunion Center
Nine East Fourth Street
Tulsa, Oklahoma 74103
Tel – 918-347-6169
Email -  jason@iaelaw.com
    deannaa@iaelaw.com
    krystina@iaelaw.com
    dallas@iaelaw.com

## CERTIFICATE OF SERVICE

     I hereby certify that on the 4th day of May, 2018, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following:

Anthony.Hoang@usdoj.gov

Dedra.Curteman@usdoj.gov

 s/ Anne E. Lynch         
