IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THE CHEROKEE NATION, ) <br> ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DEPARTMENT OF THE INTERIOR, ) <br> *et al.*, ) <br> ) <br>     Defendants. ) <br> _____) | No: 5:16-cv-01354-SLP <br><br> Judge Scott L. Palk |

**DEFENDANTS' RESPONSE TO
PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

On May 4, 2018, Plaintiff submitted a Notice of Supplemental Authority ("Notice"), citing Local Rule 7.1(m), regarding a ruling by the United States Court of Federal Claims ("CFC") on the United States' motion for partial dismissal on jurisdictional grounds in *White Mountain Apache Tribe v. United States*, No. 17-359 (Fed. Cl. Jan. 5, 2018). ECF No. 72. Plaintiff's submission is not in accordance with the requirements of the local rules. Thus, this Court should strike or disregard the Notice. If the Court deems it appropriate to allow the Notice and consider Plaintiff's supplemental arguments therein, however, the Court should also consider Defendants' responses to those supplemental arguments, as set forth below.

**I.     Plaintiff's Notice of Supplemental Authority Violates Local Rule 7.1(m) and Should Be Stricken or Disregarded.**

Rule 7.1(m) of the local rules allows a party to submit, without leave of court, notice "[i]f authority directly relevant to an issue raised in a pending motion is issued after a

party's final brief has been filed." In a submission under this rule, a party may identify only the proposition in its final brief to which the new authority is relevant. L.R. 7.1(m). If a party seeks to do more in its filing, *e.g.*, present legal arguments regarding the new authority, the party has to request and obtain leave of court to submit supplemental briefing. *Id.*

Plaintiff lodged its Notice of Supplemental Authority (ECF No. 72) in violation of the requirements of Local Rule 7.1(m). The Notice contained several legal arguments regarding the CFC's ruling in *White Mountain Apache* and the effect of that CFC ruling on Defendants' pending motion to dismiss in this case (ECF No. 51). ECF No. 72, at 1-3. Thus, Plaintiff effectively submitted a supplemental brief in further opposition to Defendants' motion (the briefing of which had been completed in July 2017), and Plaintiff did so without prior conference with Defendants' counsel or leave of this Court. Accordingly, this Court should strike or disregard Plaintiff's Notice of Supplemental Authority in its entirety.

**II.     Plaintiff's Supplemental Arguments Regarding the Scope and Legal Effect of *White Mountain Apache* Are Overstated.**

In the event that this Court deems it appropriate to allow Plaintiff's Notice of Supplemental Authority and consider the supplemental legal arguments therein, Defendants respectfully request that the Court also consider Defendants' following response to Plaintiff's supplemental arguments.

Plaintiff overstates the scope and effect of the CFC's ruling in *White Mountain Apache* regarding the statute of limitations. ECF No. 72 at 1-2. In *White Mountain Apache*,

the CFC determined that the six-year statute of limitations was applicable to the tribe's forest resource and range resource mismanagement claims and that application of the statute barred the portions of the tribe's claims that pre-dated March 15, 2011 (six years before the date of the tribe filing suit in the CFC). *White Mountain Apache Tribe*, No. 17-359, at 5-6, 8-9 (finding that the tribe's mismanagement claims accrued "when the operative facts exist and are not inherently unknowable" and quoting *Menominee Tribe v. United States*, 726 F.2d 718, 720-22 (Fed. Cir. 1984)); *see also* Defendants' Reply in Support of Defendants' Motion to Dismiss in this case, ECF No. 70, at 17-18. The CFC reasoned that the tribe was "capable enough to seek advice, launch an inquiry, and discovery through their agents the facts underlying their current claim." *White Mountain Apache Tribe*, No. 17-359, at 8. As to the applicability of the statute of limitations to the tribe's other trust resource mismanagement claims, including the minerals, environmental contamination, rights-of-way, and natural resource leasing claims, the CFC withheld judgment pending the outcome of limited jurisdictional discovery. The CFC made this determination based on the court's finding that the parties had not provided a sufficient factual record in their briefing on which the court could decide the issue.

Plaintiff also overstates the breadth and impact of the CFC's ruling in *White Mountain Apache* regarding the issue of whether the periodic statements of accounts ("periodic statements of performance" or "PSPs") that the Interior Department prepared and transmitted to the tribe constituted the historical accounting required by law. In that case, the CFC issued a very limited ruling, finding only that the tribe's trust accounting claims are not time-barred at this stage of the litigation. *White Mountain Apache*, No. 17-

354, at 11-12.  In this case, Defendants presented several legal bases for dismissing Plaintiff's trust accounting claims (of which the statute of limitations is but one).  *See* Defendants' Motion to Dismiss, ECF No. 51, at 10, 15, 28; Defendants' Reply, ECF No. 70, at 3, 10.

Further, Plaintiff overstates the scope and effect of the CFC's ruling in *White Mountain Apache* regarding the tolling provisions of the federal appropriations acts.  In that case, the CFC did not conduct a detailed examination of the manner in which the appropriations acts tolled the running of the statute of limitations for the tribe's trust accounting and trust fund mismanagement claims.  *White Mountain Apache*, No. 17-354, at 10-12.  Rather, the court summarily disposed of the United States' argument, without the benefit of full analysis.  Here, Defendants asserted that, when Plaintiff filed this case on November 28, 2016, the then-applicable appropriations act did not contain the language that other courts had used to toll the statute of limitations for tribal trust accounting and tribal trust mismanagement claims (identical or substantially similar to those asserted by Plaintiff herein).  Defendants' Motion to Dismiss, ECF No. 51, at 33-34; Defendants' Reply, ECF No. 70, at 14.  Further, Defendants asserted that, under 31 U.S.C. § 1301, the annual appropriations acts did not constitute permanent substantive laws and that they therefore did not have the force and effect of valid law after their expiration.  Defendants' Motion to Dismiss, ECF No. 51, at 15, n. 3; Defendants' Reply, ECF No. 70, at 15.  The CFC did not address this argument in its ruling in *White Mountain Apache*.  Therefore, the CFC's ruling has or should have little or no effect on the outcome of this Court's determination regarding Defendants' motion to dismiss in this case.

Respectfully submitted this 18th day of May, 2018,

        JEFFREY H. WOOD
        Acting Assistant Attorney General

        */s/ Dedra S. Curteman*
        DEDRA S. CURTEMAN
        IL Bar #6279766
        ANTHONY P. HOANG
        FL Bar #0798193
        United States Department of Justice
        Environment Division
        Natural Resources Section
        P.O. Box 7611
        Washington, D.C. 20044-7611
        Tel: (202) 305-0446
        Tel: (202) 305-0241
        Fax: (202) 305-0506
        Dedra.Curteman@usdoj.gov
        Anthony.Hoang@usdoj.gov

        Attorneys for Defendants

        OF COUNSEL:

        DONDRAE MAIDEN
        SHANI WALKER
        JOSH EDELSTEIN
        Office of the Solicitor
        United States Department of the Interior
        Washington, D.C. 20240

        THOMAS KEARNS
        Office of the Chief Counsel
        Bureau of the Fiscal Service
        United States Department of the Treasury
        Washington, D.C. 20227

-6-

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 18, 2018, I electronically transmitted the foregoing document to the Clerk of the Court, using the ECF system for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Courtney R. Jordan
Dallas L. Dale Strimple
Deanna L. Hartley
Jason B. Aamodt
Krystina E. Phillips
Michael T. Hembree
Anne E. Lynch
David F. Askman
Michael M. Frandina
Michael D. Goodstein

*/s/ Dedra S. Curteman*
DEDRA S. CURTEMAN